1

2

3

4

5

6

7

8

9 IN THE UNITED STATES DISTRICT COURT

10 FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12 SONNY RAY HARDAWAY, | ) No. C 12-5372 RMW (PR) |
| 13    Plaintiff, | ) ORDER OF DISMISSAL WITH |
| 14   v. | ) LEAVE TO AMEND |
| 15 BOARD OF PRISON TERMS, et al., | ) |
| 16    Defendants. | ) |

17

   Plaintiff, a state prisoner proceeding *pro se*, filed a federal civil rights complaint pursuant

18

19 to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate

20 order. For the reasons that follow, the Court DISMISSES the complaint with leave to amend.

**DISCUSSION**

21

22 A.  Standard of Review

23    A federal court must conduct a preliminary screening in any case in which a prisoner

24 seeks redress from a governmental entity or officer or employee of a governmental entity. See

25 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss

26 any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

27 seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),

28 (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.Rmw\CR.12\Hardaway372dwla.wpd

901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Plaintiff's Claims

Plaintiff states that in 2011, he had a parole suitability hearing. Plaintiff claims that he was wrongfully convicted, and he was denied an attorney or staff assistance at his parole hearing. As the complaint currently reads, the court cannot fairly evaluate plaintiff's claims in their present state. Further, it appears that plaintiff's claims may be more appropriately addressed in a federal habeas petition.

Plaintiff is advised that, habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. Skinner v. Switzer, 131 S. Ct. 1289, 1293 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" Skinner, 131 S. Ct. at 1293 (quoting Wilkinson, 544 U.S. at 82). As a consequence, challenges to prison conditions have traditionally been cognizable only via Section 1983, while challenges implicating the fact or duration of confinement must be brought through a habeas petition. Docken v. Chase, 393 F.3d 1024, 1026 (9th Cir. 2004). If plaintiff is challenging an alleged wrongful conviction, his remedy may be found through filing a habeas petition.

As a civil rights complaint, the complaint does not comply with the requirement that the averments be "simple, concise, and direct." For example, plaintiff alleges that he was subject to discrimination, fraud, harassment, intimidation, retaliation, libel and slander. Federal Rule of Civil Procedure 8(a) requires that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Here, plaintiff has not provided the court with the sufficient information necessary to determine whether any claim for relief has been stated against any defendant. "While a complaint . . . does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more

1  than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

2  not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative

3  level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553-56, (2007) (citations omitted).  A

4  complaint should be dismissed if it does not proffer "enough facts to state a claim for relief that

5  is plausible on its face." Id at 570.  However, district courts must afford pro se prisoner litigants

6  an opportunity to amend to correct any deficiency in their complaints.  Lopez v. Smith, 203 F.3d

7  1122, 1126-27 (9th Cir. 2000) (en banc).

8       Accordingly, the court will DISMISS the complaint with LEAVE TO AMEND to allow

9  plaintiff an opportunity to clearly state his grounds for relief under 42 U.S.C. § 1983, and

10  provide sufficient facts to support each claim if he can do so in good faith.  If, however, plaintiff

11  discovers that his claims should instead be brought in a federal writ of habeas corpus, he may file

12  a notice of voluntary dismissal of this action, and open a new action by filing a petition.

**CONCLUSION**

13

14       1.       Plaintiff's complaint is DISMISSED with leave to amend.

15       2.       If plaintiff can cure the pleading deficiencies described above, he shall file an

16  AMENDED COMPLAINT within **thirty days** from the date this order is filed.  The amended

17  complaint must include the caption and civil case number used in this order (C 12-5372 RMW

18  (PR)) and the words AMENDED COMPLAINT on the first page.  The amended complaint must

19  indicate which specific, named defendant(s) was involved in each cause of action, what each

20  defendant did, what effect this had on plaintiff and what right plaintiff alleges was violated.

21  Plaintiff may not incorporate material from the prior complaint by reference.  If plaintiff files an

22  amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that

23  demonstrate that he is entitled to relief under the applicable federal statutes.  **Failure to file an**

24  **amended complaint within thirty days and in accordance with this order will result in a**

25  **finding that further leave to amend would be futile and this action will be dismissed.**

26       3.       Plaintiff is advised that an amended complaint supersedes the original complaint.

27  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged

28  in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.Rmw\CR.12\Hardaway372dwla.wpd     3

1    Defendants not named in an amended complaint are no longer defendants.  See Ferdik v.

2    Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

3        4.    It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

4    court informed of any change of address by filing a separate paper with the clerk headed "Notice

5    of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to

6    do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule

7    of Civil Procedure 41(b).

8        IT IS SO ORDERED.

9    DATED:  1/10/2013

10                                RONALD M. WHYTE
                                 United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28