IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SONNY RAY HARDAWAY, | ) | No. C 12-5372 RMW (PR) |
| Plaintiff, | ) ) ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| v. | ) ) | |
| BOARD OF PRISON TERMS, et al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed a federal civil rights complaint. Upon initial screening, the court dismissed it with leave to amend, directing plaintiff to provide a short and concise statement of the claim. The court further advised plaintiff that his claim(s) might better be presented in a federal habeas petition. The court gave plaintiff the option to file an amended complaint if he could proffer enough facts to state a plausible claim for relief. Plaintiff has filed an untimely amended federal civil rights complaint. For the reasons that follow, the court sua sponte extends the time for filing, deems the amended complaint timely filed, and DISMISSES the amended complaint with leave to amend.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner

seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.     Plaintiff's Claims

Plaintiff states that in 2011, he had a parole suitability hearing. Plaintiff claims that defendants have placed false information in his file, committed defamation, libel and slander, and harmed his reputation. Plaintiff also alleges that defendants did so because plaintiff is black, and they were retaliating against him because he had filed administrative appeals.

There are several deficiencies with plaintiff's amended complaint. First, the Board of Prison Terms is entitled to Eleventh Amendment immunity. See, e.g., Brown v. Cal. Dep't of Corrs., 554 F.3d 747, 752 (9th Cir. 2009). Thus, it is DISMISSED with prejudice. Second, although plaintiff names Jeffrey Champlin as a defendant, he merely states that Champlin is a "representative in Sacramento." However, plaintiff must be able to show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Plaintiff must be able to "set forth specific facts as to each individual defendant's" actions which violated his or her rights. Id. at 634. Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). At this time, defendant Champlin is DISMISSED without prejudice.

In addition, plaintiff fails to state a claim. Defamation, libel, and slander are state law causes of action rather than a federal claim, and state law violations are not cognizable under

1  Section 1983. <u>See</u> <u>Cornejo v. County of San Diego</u>, 504 F.3d 853, 855 n.3 (9th Cir. 2007).
2  Thus, those claims are DISMISSED without leave to amend.
3       Finally, plaintiff's potential equal protection, due process, and retaliation claims fail to
4  allege facts showing that any defendant was personally involved in depriving plaintiff of his
5  rights.  Again, plaintiff has not provided the court with the sufficient information necessary to
6  determine whether any claim for relief has been stated against any defendant.  "While a
7  complaint . . . does not need detailed factual allegations, . . . a plaintiff's obligation to provide
8  the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a
9  formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations
10 must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v.</u>
11 <u>Twombly</u>, 550 U.S. 544, 553-56, (2007) (citations omitted).  A complaint should be dismissed if
12 it does not proffer "enough facts to state a claim for relief that is plausible on its face." <u>Id</u> at 570.
13 However, district courts must afford pro se prisoner litigants an opportunity to amend to correct
14 any deficiency in their complaints.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en
15 banc).
16      Accordingly, the court will DISMISS the complaint one final time with LEAVE TO
17 AMEND to allow plaintiff an opportunity to clearly state his grounds for relief under 42 U.S.C.
18 § 1983, and provide sufficient facts to support each claim if he can do so in good faith.

**CONCLUSION**

20    1.   Plaintiff's amended complaint is DISMISSED with leave to amend.  Defendant
21 Board of Prison Terms is DISMISSED with prejudice.  Defendant Champlin is DISMISSED
22 without prejudice.
23    2.   If plaintiff can cure the pleading deficiencies described above, he shall file a
24 SECOND AMENDED COMPLAINT within **thirty days** from the date this order is filed.  The
25 amended complaint must include the caption and civil case number used in this order (C 12-5372
26 RMW (PR)) and the words SECOND AMENDED COMPLAINT on the first page.  The
27 amended complaint must indicate which specific, named defendant(s) was involved in each
28 cause of action, what each defendant did, what effect this had on plaintiff and what right plaintiff

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.Rmw\CR.12\Hardaway372dwla2.wpd   3

1 alleges was violated. Plaintiff may not incorporate material from the prior complaint by
2 reference. If plaintiff files a second amended complaint, he must allege, in good faith, facts - not
3 merely conclusions of law - that demonstrate that he is entitled to relief under the applicable
4 federal statutes. **Failure to file a second amended complaint within thirty days and in**
5 **accordance with this order will result in a finding that further leave to amend would be**
6 **futile and this action will be dismissed.**

7      3.     Plaintiff is advised that an amended complaint supersedes the original complaint.
8 "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged
9 in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).
10 Defendants not named in an amended complaint are no longer defendants. See Ferdik v.
11 Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

12      4.     It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the
13 court informed of any change of address by filing a separate paper with the clerk headed "Notice
14 of Change of Address," and must comply with the court's orders in a timely fashion. Failure to
15 do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule
16 of Civil Procedure 41(b).

17      IT IS SO ORDERED.
18 DATED: _____

                                                            RONALD M. WHYTE
19                                                             United States District Judge

20
21
22
23
24
25
26
27
28

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.Rmw\CR.12\Hardaway372dwla2.wpd     4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

HARDAWAY,

        Plaintiff,

  v.

BOARD OF PRISON TERMS et al,

        Defendant.

Case Number: CV12-05372 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 27, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Sonny Ray Hardaway P-45579
B-2217
Salinas Valley State Prison
PO Box 1050
Soledad, CA 93960

Dated: March 27, 2013

        Richard W. Wieking, Clerk
        By: Jackie Lynn Garcia, Deputy Clerk