IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SONNY RAY HARDAWAY, | ) | No. C 12-5372 RMW (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL |
| v. | ) ) | |
| JEFFREY CHAMPLIN, | ) ) | |
| Defendant. | ) ) | |

    Plaintiff, a state prisoner proceeding *pro se*, filed a second amended federal civil rights complaint. Upon initial screening, the court dismissed plaintiff's original complaint with leave to amend, directing plaintiff to provide a short and concise statement of the claim. The court further advised plaintiff that his claim(s) might better be presented in a federal habeas petition. The court gave plaintiff the option to file an amended complaint if he could proffer enough facts to state a plausible claim for relief. Plaintiff filed an untimely amended federal civil rights complaint. Upon initial screening, the court dismissed the amended complaint with leave to amend for failing to state a claim, and gave plaintiff one more opportunity to file a second amended complaint. Plaintiff has filed a second amended complaint. However, for the reasons that follow, the court DISMISSES this action.

Order of Dismissal
G:\PRO-SE\RMW\CR.12\Hardaway372dis.wpd

## DISCUSSION

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Plaintiff's Claims

In plaintiff's second amended complaint, he states that in 2011, he had a parole suitability hearing. Plaintiff claims that defendant Champlin is a staff representative of the Board of Parole Hearings who denied plaintiff staff assistance at plaintiff's parole hearing, and placed erroneous information in plaintiff's criminal history file.

There are several deficiencies with plaintiff's second amended complaint. As the court warned plaintiff in its previous order, plaintiff must be able to show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Plaintiff must be able to "set forth specific facts as to each individual defendant's" actions which violated his or her rights. Id. at 634. This he has not done. Thus, defendant Champlin is DISMISSED.

In addition, plaintiff fails to state a claim. The failure to be given staff assistance at a parole hearing does not state a due process claim. See Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in Cooke that in the context of parole eligibility decisions the due process right is *procedural*, and entitles a

1 prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's
2 decision[.]").  Moreover, that there may be erroneous information in plaintiff's criminal history
3 file does not state a cognizable claim for relief.  See Paul v. Davis, 424 U.S. 693, 711-714 (1976)
4 (recognizing that the inaccuracy of records compiled or maintained by the government is not,
5 standing alone, sufficient to state a claim of constitutional injury under the Due Process Clause).

6       Accordingly, as the second amended complaint still does not cure the deficiencies that
7 the Court identified in plaintiff's original complaint and amended complaint, the court concludes
8 that further leave to amend would be futile and will not be granted.

## CONCLUSION

10       For the foregoing reasons, this case is DISMISSED.  The clerk shall terminate all
11 motions, enter judgment and close the file.

12       IT IS SO ORDERED.
13 DATED: _____

*Ronald M. Whyte*

RONALD M. WHYTE
14 United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

HARDAWAY,

        Plaintiff,

  v.

JEFFREY CHAMPLIN,

        Defendant.

Case Number: CV12-05372 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 26, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Sonny Ray Hardaway P-45579  
B-2217  
Salinas Valley State Prison  
PO Box 1050  
Soledad, CA 93960

Dated: July 26, 2013

Richard W. Wieking, Clerk  
By: Jackie Lynn Garcia, Deputy Clerk